<u>UNITED STATES DISTRICT COURT</u>
<u>NORTHERN DISTRICT OF NEW YORK</u>

BRIAN C.,

                    Plaintiff,

   -against-                                         3:22-CV-1292 (LEK/TWD)

COMMISIONER OF SOCIAL SECURITY,

                    Defendant.

## **MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

      Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security. <u>See</u> Dkt. No. 1 at 1 ("Complaint"). Both parties filed briefs supporting their respective positions. <u>See</u> Dkt. No. 7 ("Plaintiff's Motion"), Dkt. No. 9 ("Defendant's Motion"). On February 20, 2024, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, filed a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 11 ("Report and Recommendation"). In the Report and Recommendation, Judge Dancks recommended granting Plaintiff's Motion, denying Defendant's Motion, and remanding the case to the Social Security Administration for further administrative proceedings. <u>See</u> <u>id.</u> at 1–2. No party has filed objections to the Report and Recommendation.

      For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

II.     BACKGROUND

The Court presumes familiarity with the factual allegations detailed in the Report and Recommendation. See R. & R. at 5–7.

Plaintiff alleges multiple flaws with the ALJ's opinion and requests that the Court find he was entitled to benefits. He seeks reversal and remand for the purpose of calculating benefits or, in the alternative, for further administrative proceedings. See Compl. at 1. Both parties filed briefs in support of their positions, see Pl.'s Mot.; Def.'s Mot., which the Court construes as motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[1] Both motions were referred to Judge Dancks for a report and recommendation. See Dkt. No. 5.

Plaintiff argues that the Administrative Law Judge ("ALJ") failed "to identify substantial evidence supporting the residual functional capacity, erred when failing to evaluate the medical opinions pursuant to the regulations, and erred in his evaluation of Plaintiff's subjective allegations." R. & R. at 7. (citing Pl.'s Mot. at 1). Defendant rebutted these arguments, and, in his reply, Plaintiff argued that the ALJ failed to consider the degenerative nature of Plaintiff's impairments and failed to consider the delay to his back treatment that occurred as a result of his cancer treatments. Id. Judge Dancks considered these arguments and suggested that remand was warranted because the ALJ improperly evaluated the persuasiveness of medical information in the record. See id. at 13

Judge Dancks based this recommendation on the ALJ's treatment of the medical records and medical source statements provided by Jonathan Gdovin, RPA-C, who treated Plaintiff on

---

[1] Courts in this District generally construe appeals of claims for Social Security benefits as motions brought under Rule 12(c). See Russell v. Comm'r of Soc. Sec., No. 13-CV-1398, 2015 WL 5602939, at *1 (N.D.N.Y. Sep. 15, 2015) ("Pursuant to Northern District of New York General Order No. 8, the Court proceeds as if both parties had accompanied their briefs with a motion for judgment on the pleadings.").

multiple occasions. See id. at 10–12. While the ALJ found PA Gdovin's opinions unpersuasive, see id. at 10, Judge Dancks determined that the ALJ had improperly evaluated the persuasive value of those opinions because the ALJ did not recognize their retrospective nature, see id. at 14, and because the ALJ's "conclusory analysis of the consistency factor 'preclude[d] the Court from undertaking meaningful review,'" id. at 15 (internal citation omitted). Since there was "a reasonable likelihood that a different result could have been reached if the ALJ had properly evaluated PA Gdovin's opinions," Judge Dancks suggested that remand for further proceedings was appropriate. Id. at 16.

After finding that remand was merited on this point, Judge Dancks declined to address Plaintiff's remaining arguments. See id. at 17. However, in remanding, she instructed the ALJ to consider the other arguments made by Plaintiff and "further develop the record as appropriate." See id.

The Report and Recommendation was filed on February 20, 2024. See id. Objections to the Report and Recommendation were due by March 5, 2024: neither party has filed objections.

## III.   LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1. However, if no objections are made, a district court need only review a report and recommendation for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with

3

the definite and firm conviction that a mistake has been committed." Rivera v. Fed. Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (cleaned up). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. See Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." (internal quotation marks omitted)). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV. DISCUSSION

No party objected to the Report and Recommendation "[w]ithin fourteen days after being served with a copy" of it. 28 U.S.C. § 636(b)(1)(C). Accordingly, the Court reviews the Report and Recommendation for clear error. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation (Dkt. No. 11) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is **GRANTED**; and it is further

**ORDERED**, that Defendant's motion for judgment on the pleadings (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED**, that the Commissioner's decision is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings; and it is further

**ORDERED,** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 12, 2024
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge